# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

TIMOTHY STRAETEN, Register No. 516953, )
                                             Plaintiff, )
                                             v. )     No. 08-4202-CV-C-SOW
MISSOURI DEPARTMENT OF )
CORRECTIONS, et al., )
                                             Defendants. )

## REPORT, RECOMMENDATION AND ORDER

      Plaintiff Timothy Straeten, an inmate confined at Jefferson City Correctional Center, a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1] Named as defendants are the Missouri Department of Corrections, Jefferson City Correctional Center, Missouri Attorney General and ADDR.

      In his original complaint, plaintiff complains about bogus conduct violations and being disciplined for not wearing a white shirt, failing to abide by court procedures, interfering with operations, and taking property without consent. Plaintiff also claims he was physically assaulted in January 2008 while incarcerated at Potosi Correctional Center. In his amended complaint, plaintiff claims emotional distress regarding his underlying claims.

      Plaintiff also filed a motion for a temporary restraining order to be protected from defendants, and in a motion filed in conjunction with his complaint, plaintiff requests the return of his papers taken while he was confined in administrative segregation.

      Based on his inmate account information, plaintiff has been granted provisional leave to proceed without prepaying the filing fee and costs, subject to modification pursuant to the

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

screening process required by 28 U.S.C. §§ 1915 and 1915A.  Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).  Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a).  The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Plaintiff's allegations of bogus conduct violations are, in essence, due process claims.  To establish a due process violation, plaintiff must show a deprivation of a liberty or property interest protected by the Fourteenth Amendment.  Paul v. Davis, 424 U.S. 693, 710-12 (1976).  The Due Process Clause does not protect prisoners from every adverse change in their confinement.  Sandin v. Connor, 515 U.S. 472, 478 (1995).  If the conditions and degree of confinement are within the sentence imposed and do not otherwise violate the Constitution, prisoners have no claim under the Due Process Clause.  Montanye v. Haymes, 427 U.S. 236, 242 (1976).  See also Hewitt v. Helms, 459 U.S. 460, 468 (1983) (prisoners have no inherent right to remain in general population).  Disciplinary action taken in response to a prisoner's misconduct "falls within the expected parameters of the sentence."  Sandin, 515 U.S. at 485.

To determine whether prisoners have a liberty interest under state law, the court looks at the nature of the deprivation.  Id. at 481-83.  There is no liberty interest in the use of certain procedures by the state.  Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) (citing Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996) ("Due Process Clause does not federalize state law procedural requirements")).  Generally, state-created liberty interests are "limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin, 515 U.S. at 484; Portley-El v. Brill, 288 F.3d 1063, 1065 (8th Cir. 2001) (inmate who makes a due process challenge to his confinement "must make a threshold showing that the deprivation of which he complains imposed an 'atypical and significant hardship.'")  Segregated confinement does not normally

2

"present a dramatic departure from the basic conditions" of prison life.  Sandin, 515 U.S. at 485-86.  It has been consistently held that assignment to segregation, even without cause, is not itself an atypical significant hardship.  Phillips v. Norris, 320 F.3d at 847.

Plaintiff's allegation that a conduct violation is false fails to state a constitutional violation.  Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (claim of falsity of the conduct violation, standing alone, does not state a constitutional claim).  Further, plaintiff has no constitutionally protected liberty interest in the procedures the State of Missouri uses to determine guilt and corresponding issuance of conduct violations to inmates.  Moreover, plaintiff makes no claim that he received punishment for conduct violations that imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life.  Thus, the protections of due process do not apply to plaintiff's claims.

Insofar as plaintiff complains about an assault while at Potosi, it is well settled that prison officials have a duty to protect inmates in their custody from attacks by other inmates.  "Subjecting prisoners to violent attacks . . . shocks modern sensibilities and serves no legitimate penological purpose."  Martin v. White, 742 F.2d 469, 474 (8th Cir. 1984).  Prison officials may be held liable for violating an inmate's constitutional right if the deprivation is "objectively, 'sufficiently serious'" and if the officials acted with "'deliberate indifference' to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted).  The appropriate test for deliberate indifference is "subjective recklessness" as that term is used in criminal law.  Id. at 839-40.  Thus, a prison official may be held liable for failing to protect a prisoner only if the official subjectively knows the inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at 847.  Failure to perceive a significant risk and thus to eliminate it does not constitute the infliction of punishment.  Id. at 838.  Moreover, prison officials who respond reasonably to known risks may not be held liable under the Eighth Amendment, even if their response fails to prevent injury.  Id. at 844-45.

Plaintiff makes no allegation that any named individual knew of the likelihood of an attack and, with that knowledge, failed to take appropriate action to prevent it.  Thus, that claim should be dismissed for failure to state a claim upon which relief can be granted.

Moreover, the Missouri Department of Corrections and Jefferson City Correctional Center, as entities of the State of Missouri, are not persons within the meaning of the Civil Rights Act, 42 U.S.C. § 1983. See Harris v. Missouri Court of Appeals, Western Dist., 787 F.2d 427, 429 (8th Cir. 1986). They also have Eleventh Amendment immunity and are not subject to an action for damages or equitable relief. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984).

Based on the Eleventh Amendment, damages are not recoverable against the State, the Department of Corrections or state officials acting in their official capacities. Nix v. Norman, 879 F.2d 429, 432-33 (8th Cir. 1989).

Additionally, assistant attorneys general are absolutely immune from claims related to their advocacy functions in defending state officers in civil rights suits. McConnell v. King, 42 F.3d 471 (8th Cir. 1994); Murphy v. Morris, 849 F.2d 1101, 1105 (8th Cir. 1988).

Plaintiff's request for the return of his papers taken while he was in administrative segregation should be denied. Plaintiff, in essence, alleges state employees violated his due process rights under the Fourteenth Amendment when they took his property. Generally, if a state provides adequate remedies to compensate individuals for wrongful property loss, there is no absence of due process. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional and negligent deprivations of property not actionable under section 1983 if suitable state remedy); Parratt v. Taylor, 451 U.S. 527, 542 (1981).

Missouri provides adequate remedies to redress property damages. Orebaugh v. Caspari, 910 F.2d 526, 527 (8th Cir. 1990). Plaintiffs can sue in circuit court for replevin under Mo. S. Ct. R. 99.01 to 99.15, or they can bring a common-law claim for conversion. Hardesty v. Mr. Cribbin's Old House, Inc., 679 S.W.2d 343, 347 (Mo. App. 1984). See also Knight v. M.H. Siegfried Real Estate, Inc., 647 S.W.2d 811, 814 (Mo. App. 1982). Plaintiffs also can recover for losses caused by the tortious acts of state employees, acting in their ministerial capacities. See Harris v. Munoz, 43 S.W.3d 384 (Mo. App. 2001); Jungerman v. City of Raytown, 925 S.W.2d 202 (Mo. Banc 1996); Jackson v. Wilson, 581 S.W.2d 39, 42-43 (Mo. App. 1979); Mo. Ann. Stat. § 105.711 (Supp. 2007).

4

Plaintiffs who lack funds may seek to file and prosecute their claims as poor persons under Mo. Ann. Stat. § 514.040 (West 2002). This statute gives state judges the discretion to waive costs and fees for indigent parties. Thus, plaintiff may be able to obtain relief in state court even if he lacks funds.

Plaintiff's complaint should be dismissed because he has failed to state a claim under 42 U.S.C. § 1983. Plaintiff is warned that if this case is dismissed as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

Because plaintiff's underlying claims are recommended dismissed, his claims regarding emotional distress resulting from such claims should also be dismissed.

On September 25, 2008, plaintiff filed a motion to amend his complaint. A party is permitted to amend his complaint once, as a matter of course, any time before a responsive pleading is served. Fed. R. Civ. P. 15. No responsive pleading has been filed in this case.

IT IS, THEREFORE, ORDERED that plaintiff's motion to amend his complaint is granted. [12] It is further

ORDERED that plaintiff's motion for discovery is denied as premature. [5] It is further

RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted. It is further

RECOMMENDED that plaintiff's motions for injunctive relief regarding the return of his property be denied. [2] It is further

RECOMMENDED that plaintiff's motion for a temporary restraining order be denied. [3]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus,

additional time to file exceptions will not be granted unless there are exceptional circumstances.  Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal.  See L.R. 74.1(a)(2).

As previously stated, the court has granted plaintiff leave to proceed in forma pauperis on a provisional basis.  By doing so, the court has foregone collection of the $350.00 filing fee established for civil cases.  Plaintiff is now warned that the court will attempt collection of the entire $350.00 filing fee if plaintiff files another pleading of any type whatsoever in this case. See 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account).  Under section 1915(b), installment payments are permitted after the assessment and payment of an initial partial filing fee.

Dated this 4th day of November, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge