IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| TIMOTHY STRAETEN, Register No. 516953, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08-4202-CV-C-SOW |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

On November 4, 2008, United States Magistrate Judge William A. Knox recommended dismissing plaintiff's claims, pursuant to 28 U.S.C. § 1915A, for failure to state a claim on which relief may be granted. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions and other documents filed by plaintiff on December 12, 2008. The issues raised in plaintiff's filings were adequately addressed in the report and recommendation. Plaintiff's exceptions and newly filed motions continue with broad, general statements that he has been assaulted and harassed by "staff," and fail to state a claim on which relief may be granted. Plaintiff fails to identify any defendants other than Missouri state entities, such as the Missouri Department of Corrections and the Jefferson City Correctional Center, which are immune from legal suit. Plaintiff was advised of this immunity in the report and recommendation, and yet his exceptions fail to identify specific corrections "staff." Plaintiff's allegations of harassment fail to identify any constitutionally protected action for which he is being retaliated. Plaintiff's general statements that he thinks "staff" and the Jefferson City Correctional Center hold a "grudge" against him because of what happened at the Potosi Correctional Center fail to set forth claims of retaliation under 42 U.S.C. § 1983.

The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

Plaintiff was granted leave to proceed in forma pauperis on a provisional basis, and by doing so, the court determined to forego the collection of the $350.00 filing fee established for civil cases. Plaintiff was warned that the court would collect the entire $350.00 filing fee if he filed another pleading in this case. See 28 U.S.C. § 1915(b)(2).[1] A review of plaintiff's financial documentation indicates he is capable of paying an initial partial filing fee of $2.37.

IT IS, THEREFORE, ORDERED that plaintiff's initial partial filing fee is calculated at $2.37 and the Missouri Department of Corrections is directed to deduct from plaintiff's inmate account, and forward to the court, the initial partial filing fee and installment payments, in accord with the provisions of 28 U.S.C. § 1915, until the $350.00 filing fee is paid in full. It is further

ORDERED that the Report and Recommendation of November 4, 2008, is adopted. [14] It is further

ORDERED that plaintiff's claims are dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted. It is further

ORDERED that plaintiff's motion for injunctive relief regarding the return of his property is denied. [2] It is further

---

[1] The initial payment is assessed at "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." The installment payments will be assessed at "20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915.

ORDERED that plaintiff's motion for a temporary restraining order is denied. [3] It is further

ORDERED that plaintiff's motions of December 12, 2008, are denied. [17, 19]

        /s/Scott O. Wright
        SCOTT O. WRIGHT
        Senior United States District Judge

Dated: January 9, 2009